UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SARA ELIZABETH RANSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO. 1:06-CV-00049 |
| | ) |
| NORIAN CORPORATION and | ) |
| SYNTHES, INC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 19.)  As the proposed order contains a major defect, it will be DENIED.

The proposed order's definition of "confidential information" is impermissibly broad:

> The term "confidential information" means any information contained in or derived from any document, any answers or responses to discovery requests, depositions (including transcripts thereof), and pretrial affidavits or declarations for which confidential treatment is designated by a party or non-party pursuant to the provisions of this Stipulated Protective Order. . . .
>
> If a party makes a good faith determination that in its opinion documents or information contain trade secrets, confidential or proprietary information . . . , it may designate the documents or information by marking said documents as "Confidential" . . . .

(Proposed Stipulated Protective Order ¶¶ 2, 3.)  Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the proposed protective order submitted by the parties provides no basis for finding good cause.

A protective order must extend only to "properly demarcated categor[ies] of legitimately

confidential information." *Id.* at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid).  Here, the description of "trade secrets, confidential or proprietary information" in paragraph 3 of the proposed order creates a broad and faceless category of confidential information lacking in all specifics. *See id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Furthermore, the incorporation of the phrase "[i]f a party makes a good faith determination that in its opinion . . ." in section 3 of the proposed order is a "fudge," making the already overly-broad order even more so. *See Cincinnati Insurance*, 178 F.3d at 945.

In addition, the proposed order endeavors to protect "documents or information contain[ing] trade secrets . . .", rather than solely protecting the *actual* confidential material. *See id*. (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Furthermore, the proposed order makes no effort to specify why the purported protected materials are confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter*

2

*Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 19).  SO ORDERED.

Enter for this 26th day of May, 2006.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge